UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN M. HARDIMON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18CV179 RLW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner John M. Hardimon's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (ECF No. 1) and the Government's Motion to Dismiss Petitioner's Motion Under the Scope of 28 U.S.C. §2255 to Vacate, Set Aside, or Correct the Sentence of a Person in Federal Custody (ECF No. 6).

## BACKGROUND

On October 19, 2010, Petitioner John Hardimon ("Hardimon") pleaded guilty to a fifteen-count information in Case Number 3:10CR30170 MJR in the Southern District of Illinois. On March 25, 2011, the District Court sentenced Hardimon to a 70-month term of imprisonment, followed by a 3-year term of supervised release.   (Case No. 3:10CR30170MJR, ECF Nos. 47 and 50).

On September 5, 2011, Hardimon filed a notice of appeal.   On November 7, 2012, the United States Court of Appeals for the Seventh Circuit rejected Hardimon's arguments, concluded that his guilty plea was valid and affirmed the District Court's Judgment. *See United States v. Hardimon*, 700 F.3d 940 (7th Cir. 2012).

On July 31, 2013, Hardimon filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255, alleging ineffective assistance of counsel, the Government did not have

the authority to bring a criminal case against him, and the District Court violated his Sixth Amendment right to a jury trial.   *See* Case No. 3:13CV775MJR, ECF No. 1.

On November 19, 2013, the District Court entered an order denying Hardimon's request for relief and dismissing his Motion to Vacate, Set Aside or Correct Sentence under the Scope of 28 U.S.C. §2255.   Case No. 3:13CV775MJR, ECF No. 25.   On December 12, 2013, Hardimon appealed the denial of his motion under 28 U.S.C. §2255.   Case No. 3:13CV775JR, ECF No. 35. On June 13, 2014, the District Court declined to issue a certificate of appealability.   Case No. 13-3763, ECF No. 17.

On December 19, Hardimon's supervised release case was transferred from the United States District Court of the Southern District of Illinois to the Eastern District of Missouri.   *See* 18 U.S.C. §3605; Case No. 4:16CR545RLW, ECF Nos. 1, 2.

On August 28, 2017, the Court ordered a warrant to be issued for Hardimon based upon a Restricted Petition for Term of Supervision filed by the United States Probation Officed due to Hardimon's alleged violations of conditions and noncompliance while on supervised release. Case No. 4:16CR545RLW.

On September 14, 2017, Hardimon admitted guilt regarding the violations of his conditions of supervised release. The Court entered a Judgment for revocation, and Hardimon was committed to the custody of the Bureau of Prisons for a term of 8 months with no further supervised release to follow.   (Case No. 4:16CR545RLW, ECF No. 19).

On February 1, 2018, Hardimon filed this Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. §2255, alleging ineffective assistance of counsel, issues regarding his sentence and restitution, breach of plea agreement, and conflict of interest. (ECF No. 1).   On February 20, 2018 and April 5, 2018, Hardimon filed amended motions to vacate, set aside, or

-2-

correct sentence (ECF Nos. 2, 5), alleging similar claims. Hardimon was in custody as of the date of the filing of his habeas petition, but has since been released.[1]

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the Court lacked jurisdiction to impose such a sentence, that "an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011)(internal citations omitted). To warrant relief under §2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. *Davis v. United States*, 417 U.S. 333, 346 (1974); *Hill v. United States*, 368 U.S. 424, 428-29 (1962).

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[1] "The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed." *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S. Ct. 1556, 1560, 20 L. Ed. 2d 554 (1968); 28 U.S.C. § 2241(c)(3) (emphasis added); *see also* 28 U.S.C. § 2254(a). Custody is tested at the time of filing the petition. A person must be in custody under the conviction or sentence attacked at the time of filing. *Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991) (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)).

28 U.S.C. §2255(h).

## **DISCUSSION**

In the Anti–Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress imposed strict limitations on the filing of second and successive § 2255 motions. First, a second or successive § 2255 motion must now be authorized "by a three-judge panel of the court of appeals." 28 U.S.C. § 2244(b)(3)(B). This rule may not be evaded "by simply filing a successive § 2255 motion in the district court." *Boykin v. United States*, 242 F.3d 373 (Table), No. 99-3369, 2000 WL 1610732 at \*1 (8th Cir. 2000). Second, a court of appeals panel may not certify a second or successive § 2255 motion unless it contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. § 2255(h). Section 2255(h)(1) "alters the common law miscarriage of justice exception ... by changing the standard from 'more likely than not' to 'clear and convincing evidence.'" *United States v. Williams*, 790 F.3d 1059, 1076 (10th Cir. 2015); *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018).

Here, Hardimon has brought a successive §2255 motion. Hardimon has not alleged or demonstrated that his successive §2255 action is based on newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court that was previously unavailable. Hardimon's allegations in the instant §2255 motion are similar to those he made in his original §2255 motion before the Southern District of Illinois, which was previously adjudicated and denied. Therefore, the Court dismisses Hardimon's motion as a successive §2255 motion.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner John M. Hardimon's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (ECF No. 1) and Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (ECF No. 2) are **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss Petitioner's Motion Under the Scope of 28 U.S.C. §2255 to Vacate, Set Aside, or Correct the Sentence of a Person in Federal Custody (ECF No. 6) is **GRANTED**.   Petitioner's case is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

**IT IS FINALLY ORDERED** that Petitioner's Pro Se Motion to Add Claims or Correct Sentence (ECF No. 3), Motion to Amend Section 2255 Motion (ECF No. 5), Motion to Amend and add Exhibits to Pending 2255 Motion (ECF No. 8), Motion for Fraud on the Court (ECF No. 12), Motion to Add Claim to 2255 (ECF No. 13), and Pro Se Motions to Add Claims (ECF No. 14-15) are **DENIED** as moot.

Dated this 27th day of January, 2021.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE